**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 4:17-CV-0549-VEH** |
| ) | |
| **LEILA L. CALVIN,** ) | |
| ) | |
| **Defendant.** ) | |

## **MEMORANDUM OPINION**

### I. Introduction

This is a tax liability case against Defendant Leila L. Calvin ("Ms. Calvin"). Pending before the Court is Plaintiff's Motion for Default Judgment by the Clerk of Court (doc. 8) (the "Motion") filed on September 21, 2017. Although Plaintiff has asked the Clerk of the Court to enter a default judgment against Ms. Calvin pursuant to Rule 55(b)(1), the Court treats the Motion as one seeking relief pursuant to Rule 55(b)(2) instead.[1]

A memorandum of law (doc. 8 at 2-8); the declaration of Cynthia S. Fields (doc. 8-1), a revenue officer with the Internal Revenue Service "with a post of duty in Huntsville, Alabama" (doc. 8-1 at 1 ¶ 2), including the attachments (docs. 8-2, 8-

---

[1] Despite the mandatory language of Rule 55(b)(1), it is the practice within the Northern District of Alabama that the Clerk of the Court will not enter a default judgment against a party.

3); and the declaration of attorney Bruce T. Russell (doc. 4-1), including the attachment (doc. 4-2) are offered in support of the Motion. The Motion is due to be granted.

## II.   Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). An entry of a default under Rule 55(a) is a prerequisite to obtaining a judgment by default under Rule 55(b). Rule 55(b) authorizes the Clerk (in sum certain situations) or the Court to enter a default judgment. Here, the Court, and not the Clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[2] The factual allegations of a well-pleaded complaint are taken as true; hence, the Court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same). When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). On the other hand, if a specific sum is sought, a hearing may not be necessary.

Thus, the legal effect of Ms. Calvin's default is that the facts averred by Plaintiff in the complaint are deemed admitted, but liability is not. As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> <u>The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment</u>. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover[,]" but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir.

19[8]7).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007) (emphasis and alterations added).

**III. Findings of Fact and Conclusions of Law**

Pursuant to Rule 55(b)(2), the Court makes the following findings of fact and conclusions of law:

1. Plaintiff initiated this federal tax liability lawsuit against Ms. Calvin on April 6, 2017. (Doc. 1).

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1340 (establishing district courts' original jurisdiction over federal tax issues), 1345 (establishing district courts' original jurisdiction over "all civil actions, suits or proceedings commenced by the United States"), and 26 U.S.C. § 7402(a) (establishing district courts' jurisdiction to "enforce[] . . . the internal revenue laws").

3. Ms. Calvin resides in Marshall County, Alabama (doc. 1 at 2 ¶ 6), which is located within the Northern District of Alabama, Middle Division.

4. Consequently, this Court may exercise personal jurisdiction over Ms. Calvin due to her status as a resident defendant. *See* 26 U.S.C. § 7402(b) ("If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, <u>the district court of the United States for the</u>

district in which such person resides</u> or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.") (emphasis added);[3] 26 U.S.C. § 7604(a) (same); *see also United States v. Toyota Motor Corp.*, 561 F. Supp. 354, 357 (C.D. Cal. 1983) ("In this case, personal jurisdiction is conferred by 26 U.S.C. §§ 7402(b) and 7604(a).").

5. Ms. Calvin's tax liabilities accrued within the Northern District of Alabama. (Doc. 1 at 2 ¶ 4).

6. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) (establishing venue in "a judicial district in which any defendant resides . . ." and 1396 (establishing venue "in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed").

---

[3] This broadly worded language from the Internal Revenue Code is appropriately classified as a nationwide service of process provision. *Cf. Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) ("Panama alleged that the district court had jurisdiction over the First American defendants under RICO's nationwide service of process provision, 18 U.S.C. § 1965(d), which provides that process may be served 'on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.'"). Further, "[w]hen a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *BCCI*, 119 F.3d at 942. In these situations, "[t]he burden is on the defendant to demonstrate that the assertion of jurisdiction in the forum will 'make litigation so gravely difficult and inconvenient that [she] unfairly is at a severe disadvantage in comparison to his opponent.'" 119 F.3d at 948 (some internal quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 1274, 2185, 85 L. Ed. 2d 528 (1985)). A resident defendant, like Ms. Calvin, is incapable of meeting this constitutional standard.

7. Ms. Calvin was personally served with the summons and complaint on May 31, 2017. (Doc. 3-1 at 2).

8. Plaintiff filed in proof of service on June 6, 2017. (Doc. 3).

9. Ms. Calvin has failed to appear, plead, or otherwise defend this litigation.

10. Ms. Calvin is neither an infant, nor an incompetent person, nor has she been in the military service of the United States since the filing of this suit or for a period of six months prior to such filing. (Doc. 4-1 at 1-2 ¶¶ 6-8).

11. On June 26, 2017, the Clerk entered default against Ms. Calvin. (Doc. 5).

12. On September 27, 2017, the Court entered an Order directing Ms. Calvin to show cause why the Motion should not be granted. (Doc. 9).

13. The Court further directed the Clerk to serve Ms. Calvin with the Order via regular and certified mail at her last known address. (Doc. 9 at 1-2).

14. The record contains no indication that the Order sent by regular mail to Ms. Calvin was returned to sender.

15. The name and signature on the certified mail receipt (filed in by the Clerk on October 2, 2017) indicate that a person (other than Ms. Calvin) accepted delivery of the envelope (addressed to Ms. Calvin and containing the Order) on

September 29, 2017. (Doc. 10).

16. Ms. Calvin's 14-day deadline to show cause expired on October 11, 2017, and she has not filed anything.

17. Ms. Calvin is indebted to Plaintiff for federal income tax liabilities attributable to the tax years 2001, 2002, 2003, 2004, 2005, and 2006 (doc. 1 at 2 ¶ 7), in the collective amount of $552,368.14, as of September 14, 2017. (Doc. 8-1 at 4 ¶ 10); (Doc. 8-3).

18. Plaintiff is, therefore, due to recover from Ms. Calvin the total amount of $552,368.14, as of September 14, 2017, plus statutory additions and accrued statutory interest from September 14, 2017, to the day of payment in full pursuant to 28 U.S.C. § 1961(c)(1), and 26 U.S.C. §§ 6601, 6621, and 6622.

## IV. Conclusion

The Court will enter a final judgment by default consistent with the foregoing findings of fact and conclusions of law.

**DONE** and **ORDERED** this the 17th day of October, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge